**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| **John Doe** | **)** | |
| | **)** | |
| **vs.** | **)** | _____ |
| | **)** | |
| **David B. Rausch, Director of the** | **)** | |
| **Tennessee Bureau of Investigation;** | **)** | |
| | **)** | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

INTRODUCTION

1. Plaintiff John Doe is a Tennessee resident who has been retroactively required to comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 for the rest of his life. See Tenn. Code Ann. §§ 40-39-201–40-39-218 (2021) (the "Act"**).**

2. Doe was convicted and sentenced on or about March 13, 1998 before the lifetime reporting requirement came into effect in 2004.

3. Under the Act, Doe is subjected to constant supervision by law enforcement officers; required to report in person every calendar quarter and for numerous other reasons on forty-eight hours' notice; banned from living or working in many areas; restricted as to when he can travel; limited in his rights to free speech; hindered from maintaining normal family relationships; and subjected to a vast array of state-imposed restrictions that encompass virtually every facet of his life. Doe must comply with these extensive restrictions and obligations for as long as he lives or face severe criminal sanctions.  Doe has been previously charged in the General Sessions Court

of Washington County, Tennessee with violating the registering and reporting requirements of "The Act."[1]

4. Other courts—most recently the United States Court of Appeals for the Sixth Circuit—have now recognized that the retroactive application of sex offender registration schemes and their associated restrictions violate the constitutional prohibition against ex post facto laws. See, e.g., Doe v. Miami-Dade County, No. 15-14336, —F.3d—, 2016 WL 5334979 (11th Cir. Sept. 23, 2016) (slip opinion); Does #1–5 v. Snyder, 834 F.3d 696 (6th Cir. 2016); U.S. v. Juvenile Male, 590 F.3d 924 (9th Cir. 2009), vacated as moot, 131 S.Ct. 2860 (2011); State v. Williams, 952 N.E.2d 1103 (Ohio 2011); Wallace v. State, 905 N.E.2d 371 (Ind. 2009); State v. Letalien, 985 A.2d 4 (Me. 2009); Commonwealth v. Baker, 295 S.W.3d 437 (Ky. 2009); Doe v. State, 189 P.3d 999 (Alaska 2008); see, also, Doe v. Swearingen, No. 4:16cv501-RH/CAS, prelim. inj. at 11 (N.D. Fla. September 27, 2016) (Florida sex offender registry law requirement to report all "internet identifiers" unconstitutionally vague); In re W.Z., 957 N.E.2d 367 (Ohio Ct. App. 2011) (automatic classification of juvenile as Tier III sex offender required to register for life based solely on crime of conviction violates due process).

5. Recently this court has addressed the issue and agreed in Doe v. Rausch, No. 3:17-cv-217 and 3:17-cv-00504.

6. The Act imposes such extensive and punitive restrictions, that it violates the constitutional prohibition against ex post facto laws.

7. The Act has caused him to be now charged with a felony and though it was ultimately dismissed he still has to comply with community supervision and the registry.

_____

[1] Case No. 48064 in the Criminal Court for Washington County, Tennessee was eventually dismissed.

8. The Act violates Doe's fundamental rights to travel, work, speak, associate, and to enjoy life, without being narrowly tailored to meet a compelling state interest.

9. The Act violates the Due Process Clause because it requires Doe to register for life.

10. The Act violates the Due Process Clause because it constitutes a breach of Doe's 1998 Judgment that sentenced him to "only" 8-years in Community Based Alternative and "only" to register with the Tennessee Bureau of Investigation, Sexual Offender Registry.

11. The Act violates the Due Process Clause because it imposes criminal liability for purely passive acts that are not mala in se, and therefore do not "alert the doer to the consequences of his deed," without any proof of "actual knowledge of the duty to [to comply with the law] or proof of the probability of such knowledge and subsequent failure to comply." Lambert v. People of the State of California, 355 U.S. 225, 228–229 (1957). Rather, the Act imposes criminal liability solely on the basis that the defendant "knowingly" commits various innocent acts, such as standing idly within 999 feet of a school or park instead of 1001 feet. See Tenn. Code Ann. § 40-39-211(d) (2016).

12. The Act violates the Due Process Clause because many of its provisions are void for vagueness. Doe is liable for complying with a sweeping and complex law—and is currently facing a felony charge, which if convicted of, would have to serve a mandatory minimum of 90 days of incarceration for a first offense, see Tenn. Code Ann. § 40-39-208(b) & (c) (2021)—even though the language of the Act does not provide clear notice of what is prohibited or required, either for those subject to it or for those who enforce it, making full compliance with the Act nearly impossible.

13. Doe seeks declaratory and injunctive relief barring the Act's application to him.

JURISDICTION

14. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because Doe seeks redress for the deprivation of rights secured by the U.S. Constitution. Doe's claims are brought under 42 U.S.C. § 1983.

15. Doe's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202, by Fed. R. Civ. P. 57 and 65, and by the legal and equitable powers of this Court. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b).

FACTUAL ALLEGATIONS: THE PLAINTIFF

16. Doe resides in the Eastern District of Tennessee.

17. In early 1998, Doe pled nolo contendere to one count of aggravated sexual battery. This was an amended charge. Although Doe always maintained his innocence, he did not want to go to trial on an even more serious offense.

18. Doe was sentenced to serve 180 days in jail at 100% and was placed on eight years of probation. He completed his sentence in 2007 and since that time has not been subject to any supervision other than under the sex offender registry laws.

19. Doe has led a productive life since completing his sentence

20. Doe has not been convicted of any crime since his conviction in 1998.

21. There was no lifetime sex offender registry statute when Doe made the decision to plea nolo contendere instead of going to trial.

22. Tennessee enacted its first sex offender registry statute, the Sexual Offender Registration and Monitoring Act, 1994 Tenn. Pub. Laws, ch. 976 (the "1994 Act"), and then

replaced it with considerable changes on or about 8/1/2004. The changes at issue include "violent" offenders having to register for life. This change happened years after Doe's conviction. Doe therefore did not receive, and could not have received, any notice that his conviction would subject him to registration as a violent sex offender for life.

23. Also, until the 2004 change, Doe's registration had remained private. That changed when the Act required all registrants to be listed on a public internet database, along with their home and work addresses and other identifying information. Doe thus became publicly labeled a "violent sexual offender" for the first time and has remained publicly labeled as such to this day.

24. He also became subject to numerous, onerous, and vague restrictions on where he can live, work, or go for the rest of his life, which have only increased with each subsequent amendment to the Act.

25. As a result of these onerous and vague provisions, Doe has been subjected to multiple instances of arbitrary and capricious enforcement by the Johnson City Police Department ("JCPD") and the District Attorney General for Washington County ("DA"), Tennessee and other law enforcement personnel.

26. JCPD detectives and the DA filed subpoenas for Doe's online businesses due to an alleged complaint that Doe was renting out his pool to others.

27. JCPD detective Jenkins then arrested Doe for not providing all of his email addresses and social media accounts.

28. Doe's pool online rental service has been effectively shut down by the JCPD.

29. Doe had to hire legal counsel to defendant against the charge.

30. Doe has been a productive, law-abiding citizen since his conviction in 1998 and since serving his sentence to completion in 2007. Despite this, the State of Tennessee has burdened him, retroactively, with an increasingly onerous and punitive registration law with vague and arbitrary provisions and crushing criminal penalties.

31. Had Doe known that his conviction would result in sex offender registration and subject him to a lifetime of severe restrictions on his liberty and the constant threat of arbitrary and capricious arrest and prosecution, he would have tried to bargain for an alternate disposition that would not have resulted in registration, or else gone to trial and sought acquittal.

FACTUAL ALLEGATIONS: THE DEFENDANTS

32. Defendant David B. Rausch, is the Director of the TBI. He is sued in his official capacity.

33. The Act requires the TBI to maintain Tennessee's sex offender registry. Tenn. Code Ann. §§ 40-39-204(a) & (d), 40-39-206(a) (2021). The TBI's responsibilities include enforcing the Act, maintaining the state's database of sex offenders, maintaining an Internet-accessible public sex offender registry, registering offenders (along with other law enforcement agencies), developing registration forms, providing statutorily-required notices to registrants, collecting registration fees, and coordinating with national law enforcement and the national sex offend- er registry. See Tenn. Code Ann. §§ 40-39-203(i), 40-39-204(a) & (d), 40-39- 205(a) & (f), 40-39-206 (2021).

34. The director of the TBI is an appropriate defendant in a case challenging the constitutionality of the Act.

## FACTUAL ALLEGATIONS: HISTORY OF THE ACT

35. The Tennessee General Assembly passed its first sex offender registration law in 1994. 1994 Tenn. Pub. Acts, ch. 976. Until that time, Tennessee did not require anyone to register as a sex offender for any purpose.

### 1994 Act

36. The 1994 Act required the TBI to maintain a confidential registry with basic information about people convicted of sex offenses: full name and aliases, date and place of birth, social security number, driver's license number, parole or probation officer contact information, offenses of conviction, current place of employment, current address, and any other information required by TBI regulation. 1994 Tenn. Pub. Acts, ch. 976, § 4. The information in the registry was expressly designated confidential and available only to law enforcement. Id. § 7(c).

37. The 1994 Act applied to people convicted of sex offenses on or after January 1, 1995. The 1994 Act also applied retroactively to people whose convictions occurred before that date if they were still incarcerated or on probation or parole as of that date. 1994 Tenn. Pub. Acts, ch. 976, § 3(2). Thus, a person who completed his sentence before the effective date was not required to register.

38. The Tennessee General Assembly repeatedly amended the 1994 Act to expand its scope:

### 1996

People charged with sex offenses but placed on pre-trial and judicial diversion must register. 1996 Tenn. Pub. Acts, ch. 834, § 1.

1997

39.  People on pre-trial and judicial diversion must register even after completing diversion and having their judicial records expunged. 1997 Tenn. Pub. Acts, ch. 455, § 3. Registry information is made public for offenses committed after July 1, 1997, and made accessible via the Internet and a toll-free telephone number. 1997 Tenn. Pub. Acts, ch. 461, § 2. Lifetime registration is required for people with more than one conviction for a sex offense or with a conviction for a "violent sexual offense," defined as actual or attempted aggravated rape, rape, aggravated sexual battery, or rape of a child. 2000 Tenn. Pub. Acts, ch. 997, § 1–2.

2002

40.  Registrants must report within ten days of being employed or becoming a student or volunteer at an institution of higher learning in the county or municipality in which they reside, and the name and address of that institution is added to registry and made public.

2003

41.  General Assembly prohibited registrants from:

Establishing a residence or accepting employment with 1,000 feet of a school or child care facility;

Establishing a residence or accepting employment within 1,000 feet of the victim's or victim's immediate family member's home;

Coming within one hundred feet of the victim;

Establishing a residence or other living accommodation with a minor other than the registrant's child.

42. Repeal of the 1994 Act and Adoption of the Current Act

The 1994 Act was repealed and replaced with the current Act in 2004. 2004 Tenn. Pub. Acts, ch. 921, codified at Tenn. Code Ann. §§ 40-39-201–40-39- 211 (2004). The Act dramatically expanded the scope and burden of the 1994 Act in several respects: Registrants were classified as "sexual offenders" or "violent sexual offenders," Tenn. Code Ann. § 40-39-202(9) (2004), with "violent sexual offenders" required to register for life, id. § 40-39-207(g).

43. Doe, who previously had the right to seek removal from the registry after ten years, must now register for life. The non-sexual offenses of false imprisonment and kidnapping where the victim is a minor, as well as solicitation of, conspiracy to commit, criminal responsibility for, facilitation of, and being an accessory after the fact to those non-sexual offenses, are defined as "sexual offenses" and "violent sexual offenses." Id. §40-39- 202(16) & (24). Reports had to be made in person. Id. §§ 40-39-203, 40-39-204. Reports were required after certain triggering events (e.g., change of residence) had to be made within forty-eight hours of the event,

44. Registrants designated as "sexual offenders" had to report annually within seven days of their birth date to verify their registration in- formation and update their finger prints, palm prints, and photo- graphs. Registrants designated as "violent sexual offenders," such as Doe, had to report and provide the same information quarterly. All registrants had to pay an annual administrative fee. Id. § 40-39-204(b)–(c). Registrants not subject to lifetime registration could no longer petition a court for removal from the registry but had to apply to the TBI for removal from the registry. Id. § 40-39-207.

45. Any violation of registration requirements—including untimely registration, untimely reporting, failure to sign the registration form, failure to pay the administrative fee— was now a felony instead of a misdemeanor. Id. § 39-16-208.

46. Thus, Doe was charged in Washington County of a felony charge instead of just a misdemeanor and some twelve years after his conviction, Doe for the first time becomes publicly branded as a "violent sexual offender" and all of his registration - for life.

47. Registrants must report any change to their "electronic mail address information, any instant message, chat, or other Internet communication name or identity information that the person uses or intends to use," which information is now included on their publicly available registration. 2008 Tenn. Pub. Acts, ch. 979, § 1. At the time of conviction, electronic mail, instant messages did not even exist.

48. Further expansion: Registrants must maintain a valid driver's license or photo identification card labeling them as "sexual offenders" or "violent sexual offenders" and must always have it in their possession. Id., § 13. Registrants must report e-mail, social media, and instant message accounts, "other Internet communication platforms or devices," and usernames, screen names, or other methods used to access those accounts or web sites. Id., § 7.

49. Doe did not even use the internet when convicted. But now must give all accounts and passwords to officials.

50. In sum, Tennessee's sex offender registry law began as a private law enforcement database in 1995 but has changed radically in the last twenty-one years. Its present form, the Act, subjects registrants to obligations, restraints, disabilities, and punishment of a different character

and a greater order of magnitude than those imposed by the 1994 Act or even by the Act in its original form.

FACTUAL ALLEGATIONS:

SEX OFFENDER CLASSIFICATION AND RETROACTIVE APPLICATION OF THE ACT

51. The Act classifies registrants as "sexual offenders," "violent sexual offenders," and "violent juvenile sexual offenders." Tenn. Code Ann. § 40-39- 202(9) (2021). A registrant's classification determines the length of time that a person must register and the frequency of reporting. See id. §§ 40-39-204, 40-39- 207(g).

52. "Sexual offenders" must register and comply with all obligations imposed by the Act for at least ten years, while "violent sexual offenders" must register and comply for life. See Tenn. Code Ann. § 40-39-207(a) & (g) (2016). A registrant's classification is based solely on the offense of conviction. Tenn. Code Ann. § 40-39-202(19), (20), (30) & (31) (2021).

53. A registrant's classification is not based on, and does not correspond to, an individualized assessment of a registrant's actual risk of reoffending or the danger any registrant poses to the public.

54. The 1994 Act did not have separate classifications and granted registrants the right to seek removal from the registry after ten years. See 1994 Tenn. Pub. Acts, ch. 976, § 8. The 1994 Act was amended in 2000 to require lifetime registration for people with more than one conviction for a sex offense or with a conviction for a "violent sexual offense," defined as actual or attempted aggravated rape, rape, aggravated sexual battery, or rape of a child. 2000 Tenn. Pub. Acts, ch. 997, § 1–2. This amendment was applied retroactively.

55. The lifetime registration requirement was included in the current Act and expanded to apply to anyone classified as a "violent sexual offender," and also applied retroactively. Tenn. Code Ann. § 40-39-207(g)(1) (2021).

56. Thus, Doe, who until 2000 had the right to seek removal from the registry after ten years, must now register for life, without any individualized determination about his risk or whether lifetime registration is warranted.

57. Even upon the clearest proof that Doe is not dangerous, there is no mechanism under the Act that would allow Doe to have his registration obligations eliminated or reduced.

FACTUAL ALLEGATIONS: IMPACT OF THE ACT ON THE PLAINTIFF

58. The Act imposes obligations, disabilities, and restraints that are so extensive they cannot even be set out in full here.

59. By way of summary, the Act subjects Doe to continuous reporting, surveillance, and supervision. In addition, the Act severely limits his ability to find housing and employment; get an education; travel; engage in speech activities (including use of the Internet); be free from harassment and stigma; and understand what is required of him under the Act.

60. Registration under the Act triggers a vast array of additional obligations, disabilities, and restraints under other federal, state, and local laws, as well as private policies barring or limiting registrants from access to goods or services available to the public.

61. Finally, due to the retroactive aspect of the Act, he faced felonious criminal charges and could in the future.

A. Reporting, Surveillance, and Supervision

62. As a "violent sexual offender," Doe must report in person every March, June, September, and December, Tenn. Code Ann. § 40-39-204(b)(1) (2021), and must verify and update the following information:

(a) Doe's complete name and all aliases;

(b) Doe's date and place of birth;

(c) Doe's social security number;

(d) A photocopy of Doe's driver license;

(e) Sexual offenses or violent sexual offenses for which Doe has been convicted, the date of the offenses, and the county and state of each conviction;

(f) Name of any of Doe's current employers and length of employment, including physical addresses and phone numbers;

(g) Doe's current physical address and length of residence at that address, including any primary or secondary residences;

(h) Doe's mailing address, if different from Doe's physical address;

(i) Any vehicle, mobile home, trailer, or manufactured home used or owned by Doe, including descriptions, vehicle information numbers, and license tag numbers;

(j) Any vessel, live-aboard vessel, or houseboat used by Doe, including the name of the vessel, description, and all identifying numbers;

(k) Name and address of each institution of higher education in this state where Doe is employed or practices a vocation or is a student;

(l) Doe's race and gender;

Case 2:23-cv-00047-DCLC-CRW   Document 1   Filed 05/15/23   Page 13 of 23   PageID #: 13

(m)Name, address, and phone number of Doe's closest living relative;

(n) Whether victims in the underlying offenses were minors or adults, the number of victims, and the correct age of the victim or victims and of Doe at the time of the offense or offenses, if the ages are known;

(o) Verification by the TBI or Doe that the TBI has received Doe's DNA sample;

(p) A complete listing of Doe's electronic mail address information, including usernames, any social media accounts Doe uses or in- tends to use, instant message accounts, other Internet communication platforms or devices, and Doe's username, screen name, or other method by which Doe accesses these accounts or web sites;

(q) Whether any minors reside in Doe's primary or secondary residences;

(r) Any other registration, verification, and tracking information, including fingerprints and a current photograph of Doe, his vehicles, and his vessels, required by TBI rules;

(s) Copy of Doe's passport; and

(t) Professional licensing information that authorizes Doe to engage in an occupation or carry out a trade or business.

Tenn. Code Ann. § 40-39-203(i) (2016).

63. In addition to reporting in person at regular intervals, Doe must report in person within forty-eight hours if any of the information above changes. Tenn. Code Ann. § 40-39-203(a)(4) (2016). For example, Doe must report in person within forty-eight hours if he changes his address, changes jobs, changes his e- mail address, opens a Facebook account, buys or begins using a vehicle, or stops using a vehicle.

64. There are no "good cause" exceptions to the reporting requirements or to the forty-eight hour notification requirements. Regardless of illness, injury, transportation problems, or other emergencies, Doe must report in person within forty-eight hour or face criminal charges.

65. The Act's reporting, surveillance, and supervision requirements are similar to, but more restrictive and onerous than, the reporting, surveillance, and supervision that Doe experienced while serving his sentence on probation.

66. The fundamental difference between the reporting, surveillance, and supervision requirements of probation and those of the Act is that probation is based on the premise that convicted persons like Doe can be rehabilitated and prepared to be productive members of society once they have served their sentence, while the premise of the Act is that Doe is and will always be a menace to society, regardless how many years Doe lives peaceably, productively, and with- out criminal conduct.

67. Under the Act, Doe must report significantly more information than what he was required to report while he was serving his sentence on probation.

68. The Act's requirement that minor changes be reported in person within forty-eight hours is a level of reporting that far exceeds what Doe experienced while he was serving his sentence on probation.

69. As a result of the Act's immediate reporting requirements, coupled with the quarterly reporting requirements, Doe must, for the rest of his life, report in person to law enforcement with a frequency that is greater than his reporting obligations when he was on probation.

70. If Doe travels, he must comply with any applicable sex offender registration laws in other jurisdictions. Depending on how long he travels, he may have to register as an offender.

Case 2:23-cv-00047-DCLC-CRW   Document 1   Filed 05/15/23   Page 15 of 23   PageID #: 15

Because sex offender registration laws are exceedingly complex and vary from state to state, it is extremely difficult to obtain accurate information about either affirmative reporting obligations (such as registering one's presence in a state) or prohibitions on ordinary behavior (such as visiting a library or park) in other jurisdictions.

71. The Act severely restricts Doe's ability to speak freely. Doe not only must provide law enforcement with all electronic mail addresses, instant message addresses, log-in names, or other identifiers that are assigned to or routinely used by him, Tenn. Code Ann. § 40-39-203(i) (17) (2021), but must also report within three days whenever he establishes any electronic mail address, instant message address, or other designation used in Internet communications or postings, id. § 40-39-203(a)(7).

72. In addition, Doe is afraid that because he must provide all email and Internet identifiers pursuant to the Act, his Internet use will be monitored. That fear is well-founded because the Act expressly authorizes such monitoring:

Registry information regarding all registered offender's electronic mail address information, any instant message, chat or other Internet communication name or identity information may be electronically transmitted by the TBI to a business or organization that offers electronic communication or remote computing services for the purpose of prescreening users or for comparison with information held by the requesting business or organization. In order to obtain the information from the TBI, the requesting business or organization that offers electronic communication or remote computing services shall agree to notify the TBI forthwith when a comparison indicates that any such registered sex offender's electronic mail address information, any instant message, chat or other Internet communication name or identity information is being

Case 2:23-cv-00047-DCLC-CRW   Document 1   Filed 05/15/23   Page 16 of 23   PageID #: 16

used on their system. The requesting business or organization shall also agree that the information will not be further disseminated.

Tenn. Code Ann. § 40-39-203(m) (2021) (emphasis added).

73. The Act's requirements for reporting personal information are so vague that Doe does not understand what information must be reported or what changes in information subject him to the in-person, forty-eight hours reporting requirement.

FACTUAL ALLEGATIONS:

THE REQUIREMENTS OF THE ACT BEAR NO REASONABLE RELATIONSHIP TO THE RISK THAT INDIVIDUAL REGISTRANTS POSE TO THE COMMUNITY

74. Under the Act, the classification to which an individual is assigned ("sexual offender" or "violent sexual offender"), whether an individual is listed on the public registry, and how long an individual must register, are all based solely on the offense of conviction, not on an individualized assessment of the individual's actual level of risk. Tenn. Code Ann. § 40-39-202(19), (20), (30) & (31) (2021).

FACTUAL ALLEGATIONS:

CENTRALITY OF REGISTRATION TO PLEA NEGOTIATIONS

75. Because of the severe burdens associated with sex offender registration, the issue of whether a conviction will result in registration is critical for criminal defendants.

76. The choice whether or not to plead guilty often turns on whether a defendant must register and for how long a defendant must register.

77. Doe elected to waive his constitutional right to trial and pled nolo contendere based on his understanding of the consequences of his plea, which did not include lifetime sex offender registration as a "violent" offender.

78. The Act has fundamentally, and retroactively, altered the consequences of his plea.

CLAIMS FOR RELIEF

COUNT I: VIOLATION OF THE EX POST FACTO CLAUSE

79. The retroactive application of the Act violates the Ex Post Facto Clause of the U.S. Constitution, Art. I, § 10, cl. 1, because it makes more burden- some the punishment imposed for offenses committed prior to its enactment.

COUNT II: VIOLATION OF THE DUE PROCESS CLAUSE (TRAVEL)

80. The right to travel is a fundamental right that is protected under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

81. The Act substantially interferes with Doe's ability to travel. The Act does not provide for any individualized consideration before restricting Doe's right to travel. The Act violates Doe's fundamental right to travel because it is not narrowly tailored to serve a compelling state interest.

COUNT III: VIOLATION OF THE DUE PROCESS CLAUSE (WORK)

82. The right to engage in the common occupations of life is a fundamental right that is protected under the Due Process Clause of the Fourteenth Amendment. The Act substantially interferes with Doe's ability to engage in the common occupations of life.

83. The Act creates a wholesale barrier to employment. That barrier is not based on Doe's fitness or capacity to work in the jobs from which he has been excluded.

84. The Act does not provide for any individualized consideration before restricting Doe's ability to engage in the common occupations of life.

85. The Act violates Doe's fundamental right to engage in the common occupations of life because it is not narrowly tailored to serve a compelling state interest.

## COUNT IV: VIOLATION OF THE FIRST AMENDMENT

86. The First Amendment prohibits abridgment of the freedom of speech. The Fourteenth Amendment incorporates the First Amendment against the states.

87. The Act requires Doe to report information about his Internet accounts and activity to law enforcement, which substantially interferes with access to the Internet as a forum for speech and eliminates Doe's opportunities for anonymous Internet speech.

88. The Act's requirements to report information about Internet accounts and activity is invalid under the First Amendment both on its face and as applied because it is not narrowly tailored to serve a compelling state interest and because it prohibits a substantial amount of protected speech.

## COUNT V: VIOLATION OF THE DUE PROCESS CLAUSE (RETROACTIVITY)

89. The Due Process Clause of the Fourteenth Amendment imposes limits on retroactive legislation that is harsh or oppressive or that violates principles of fundamental fairness.

90. Doe pled nolo contendere to the offense of attempted aggravated sexual battery in 1998, received a sentence of probation, successfully completed that sentence, and has not committed any criminal offense since then. At the time he made this plea, Tennessee did not have lifetime sex offender registration. Doe is now subject to lifetime sex offender registration and numerous harsh and oppressive restrictions on his liberty.

91. Retroactively imposing the Act on Doe violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT VI: VIOLATION THE DUE PROCESS CLAUSE (BREACH OF PLEA AGREEMENT)

92. The Due Process Clause of the Fourteenth Amendment prohibits states from breaching a plea bargain.

93. Doe entered into and complied with a valid plea bargain with the State of Tennessee in 1998.

94. The Act constitutes a retroactive increase in the punishment inflicted upon Doe and therefore constitutes a breach of his plea bargain in violation of the Due Process Clause.


## COUNT VII: VIOLATION THE DUE PROCESS CLAUSE (VAGUENESS AND IMPOSSIBILITY)

95. The Due Process Clause of the Fourteenth Amendment prohibits states from enforcing laws that are unconstitutionally vague. As a matter of due process, statutory requirements must be written with sufficient specificity that persons of ordinary intelligence need not guess at their meaning and will not differ as to their application.

96. The Act contains provisions that are invalid under the vagueness doctrine because those provisions fail to provide a person of ordinary intelligence fair notice of what is required and what is prohibited under the statute, making it impossible for Doe to conform his conduct to the statutory requirements and making it likely that the statute will be enforced in different ways in different places or against different people.

97. The Due Process Clause of the Fourteenth Amendment prohibits states from enforcing laws with which it is impossible to comply. The Act contains provisions with which compliance is impossible.

## LACK OF LEGAL REMEDY

98. Doe's harm is ongoing and cannot be alleviated except by injunctive relief.

99. No other remedy is available at law.

## REQUEST FOR RELIEF

Wherefore, Doe requests that this Court:

a. Issue a judgment, pursuant to 28 U.S.C. §§ 2201–2202, declaring that retroactive application of the Act violates the prohibition in the United States Constitution against ex post facto laws and issue a permanent injunction restraining the defendants from retroactively enforcing the Act against Doe;

b. Issue a judgment, pursuant to 28 U.S.C. §§ 2201–2202, declaring that the Act unconstitutionally interferes with Doe's fundamental rights to travel, to engage in the common occupations of life, and to engage in free speech, and issue a permanent injunction restraining the defendants from enforcing against Doe those provisions of the Act that interfere with these rights;

Case 2:23-cv-00047-DCLC-CRW   Document 1   Filed 05/15/23   Page 21 of 23   PageID #: 21

c. Issue a judgment, pursuant to 28 U.S.C. §§ 2201–2202, declaring that retroactively extending the registration period of Doe violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and issue a permanent injunction restraining the defendants from retroactively extending Doe's registration period;

d. Issue a judgment, pursuant to 28 U.S.C. §§ 2201–2202, declaring that applying the Act to Doe breaches Doe's plea agreement and violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and issue a permanent injunction restraining the defendants from enforcing the Act against Doe;

e. Issue a judgment, pursuant to 28 U.S.C. §§ 2201–2202, declaring that the Act violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution by imposing criminal liability for passive acts without actual knowledge of the duty to comply, and issue a permanent injunction re- straining the defendants from enforcing the Act against Doe;

f. Issue a judgment, pursuant to 28 U.S.C. §§ 2201–2202, declaring that the Act is void under the Due Process Clause of the Fourteenth Amendment due to vagueness and impossibility and issue a permanent injunction restraining the defendants from enforcing against Doe those provisions of the Act that are unconstitutional;

g. Award Doe his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

h. Grant such other relief as the Court finds just and proper.

Respectfully submitted,
By Counsel:

B. Andrew Glenn (BPR #023644)

108 E. Main St., Ste. 211
Kingsport, TN  37660
(276) 494-6137
barryandrewglenn@yahoo.com