UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CV-00047-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID RAUSCH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff John Doe's Unopposed Motion for a Preliminary Injunction [Doc. 10], and the parties' Joint Motion to Administratively Stay Case [Doc. 11]. For the reasons that follow, Plaintiff's Unopposed Motion for a Preliminary Injunction [Doc. 10] is **GRANTED**, and the parties' Joint Motion to Stay [Doc. 11] also is **GRANTED**.

### I. BACKGROUND

In 1998, Doe, a Tennessee resident, pleaded *nolo contendere* to one count of aggravated sexual battery in Tennessee state court [Doc. 1, ¶ 17]. Doe served 180 days in jail and received an eight-year term of probation [*Id.*, ¶ 18]. As part of his term of probation, Doe reported personal information, such as his birth date, social security information, place of employment, and current address, to the Tennessee Bureau of Investigation ("TBI") under Tennessee's 1994 sex-offender registration law ("the 1994 Act") [*Id.*, ¶¶ 35-37]. The 1994 Act kept Doe's registration private and allowed Doe to apply to be removed from the TBI's registry after 10 years [*Id.*, ¶ 54]. Doe completed his sentence in 2007 [*Id.*, ¶ 19].

But in August 2004 the Tennessee legislature repealed the 1994 Act and enacted the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking

Act of 2004 ("the Act") [*Id.*, ¶ 22]; *see* Tenn. Code Ann. § 49-39-201. The Act requires convicted sex offenders to register with the TBI as part of their sentences and creates three classifications for those convicted of sex offenses: (1) sexual offenders; (2) violent sexual offenders; and (3) violent juvenile sexual offenders [*Id.*, ¶ 51]. The Act determines an individual's classification based on his offense of conviction [*Id.*, ¶ 52]. Under the Act, violent sexual offenders remain on the TBI's sex-offender registry for life [*Id.*, ¶ 42]. Moreover, the Act makes the TBI's sex-offender registry publicly accessible [*Id.*, ¶ 24]. The Act's requirements apply retroactively, and Doe's 1998 plea to aggravated sexual battery makes him a violent sexual offender under the Act [*Id.*, ¶¶ 54-55, 62]. Thus, Doe must continue to register as a sex offender with the TBI for the rest of his life [*Id.*, ¶ 59].

In 2016, the Sixth Circuit addressed Michigan's similar sex-offender registration law and found that it violated the *Ex Post Facto* Clause of the United States' Constitution. *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016). Since that decision, several district courts in Tennessee applied the same analysis in *Snyder* and concluded that the Act likely violated the *Ex Post Facto* Clause. *See Doe #12 v. Lee*, No. 3:22-CV-00712, 2023 WL197412, at *1 (M.D. Tenn. Feb. 10, 2023) (collecting cases). In one such case, litigation proceeded to the summary judgment stage, and the district court held that the Act violated the *Ex Post Facto* Clause. *See Doe #1, et al. v. Lee, et al.*, No. 3:21-CV-00590, 2023 WL 2335639, at *1 (M.D. Tenn. Mar. 2, 2023). The defendants in that case, including Defendant David Rausch here, filed a notice of appeal of the district court's order, and that appeal currently is pending before the Sixth Circuit [Doc. 11-1]; *see Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023)

In May 2023, Doe filed the instant Complaint against Defendant, the Director of the TBI, in his official capacity [*Id.*, ¶ 32]. Doe asserts the Act violates several aspects of the United States'

2

Constitution, including the *Ex Post Facto* Clause (Count 1), the Fourteenth Amendment's Due Process Clause (Counts 2-3, 5-7), and the First Amendment (Count 4) [*Id.*, ¶¶ 79-97]. He seeks declaratory and injunctive relief [*Id.*, pgs. 21-22]. Doe now moves, unopposed, for a preliminary injunction [Doc. 10], and the parties' jointly move to stay this case [Doc. 11], pending the outcome of the appeal noted above. The Court addresses each motion in turn.

## II. UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION [Doc. 10]

Although Doe's motion for a preliminary injunction is unopposed, the Court still must analyze Doe's request for a preliminary injunction because "a preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent an injunction; (3) the injunction would not cause substantial harm to others; and (4) the injunction is in the public's interest. *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 365–66 (6th Cir. 2022); *see also* Fed. R. Civ. P. 65(a). "While no single factor necessarily is dispositive, the first—the likelihood of success—in many instances will be the determinative factor." *Dahl v. Bd. of Tr. Of W. Mich.*, 15 F.4th 728, 730 (6th Cir. 2021) (citations omitted).

### A. Doe can establish a likelihood of success on the merits

The Court rarely finds that opposing parties agree as to the current state of the law regarding an issue at the center of their dispute, but that is the case here [Doc. 10, pgs. 1-3]. Indeed, Defendants "recognize . . . [that] federal district courts in Tennessee have found that the Act violates the *Ex Post Facto* Clause and have frequently granted preliminary and permanent injunctive relief to specific sexual offenders." [*Id.*, pg. 2 n.1]. As one district judge recently described, "the federal district courts of this state have repeatedly, if not quite unanimously,

3

concluded that [*Snyder*'s] analysis applies . . . to [the Act]." *Doe #12*, 2023 WL 1974712, at *1. "The question of whether Tennessee's *ex post facto* application of [the Act] . . . to individuals like [Doe] is illegal under *Snyder* may not be entirely beyond debate, but the issue has been addressed so clearly and so many times . . . ." *Id.*; *see also Crag v. Lee*, No. 3:22-CV-00181, 2023 WL 2505896, at *2 (M.D. Tenn. Mar. 14, 2023) (finding that a "vast and consistent legal landscape" supported the plaintiff's likelihood of success on the merits). Moreover, recent decisions from this District continue to find that the Act likely violates the *Ex Post Facto* Clause. *Doe v. Lee*, No. 3:21-CV-10, 2023 WL 2904575, at *4 (E.D. Tenn. Apr. 11, 2023). The Court follows the substantial amount of caselaw previously addressing this issue and finds that Doe has demonstrated a likelihood of success on the merits. Accordingly, this factor weighs in favor of a preliminary injunction.

### B. Doe faces the likelihood of irreparable harm absent an injunction

"When constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012); *see also Vitolo v. Guzman*, 999 F.3d 353, 360 (6th Cir. 2021). Here, Doe can demonstrate a likelihood of success that the Act violates his constitutional rights, and the Court presumes that the likely violation of his rights causes him irreparable injury. *See Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (holding that if a constitutional right is threatened or impaired, "a finding of irreparable injury is mandated"). Thus, this factor weighs in favor of a preliminary injunction.

### C. The issuance of an injunction will not cause substantial harm to others and will serve the public interest

The third and fourth factors for a preliminary injunction "merge when the [g]overnment is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Moreover, "no cognizable harm results from stopping unconstitutional conduct, so 'it is always in the public interest to prevent a

4

violation of a party's constitutional rights.'" *Vitolo*, 999 F.3d at 360 (quoting *Déjà vu of Nashville, Inc. v. Metro Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001)). Thus, a preliminary injunction preventing enforcement of the Act as to Doe is in the public interest and will not cause substantial harm. The final two factors also weigh in favor of a preliminary injunction. Because the factors for a preliminary injunction weigh in his favor, Doe's Unopposed Motion for a Preliminary Injunction [Doc. 10] is **GRANTED**.[1]

### III. JOINT MOTION TO ADMINISTRATIVELY STAY CASE [Doc. 11]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Couns. v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55 (citations omitted).

The parties contend that a stay is necessary in this matter because the Sixth Circuit is considering an appeal that addresses the same issues raised by Doe here [Doc. 11, pgs. 1-2; *see also* Doc. 11-1]. According to the parties, the Sixth Circuit's decision in that pending case will resolve many, if not all, the issues in this matter [*See* Doc. 11, pgs. 1-2]. The Court finds that a

---

[1] Because the Court grants Doe's unopposed motion for a preliminary injunction, the Court must determine the amount of security for the injunction. To be sure, the Court may issue a preliminary injunction "only if the movant gives security in an amount that the [C]ourt considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court considered that Doe paid the Court's filing fee, the relief that Doe requested, and the actions that Defendant must take to comply with the Court's injunction. Based on those considerations, the Court finds no further security necessary "to pay the [potential] costs and damages sustained by [Defendant]." *Id.*

5

stay in this matter is well-suited to allow litigation in the Sixth Circuit to conclude before addressing the merits of the dispute between the parties. Thus, the parties' Joint Motion to Administratively Stay Case [Doc. 11] is **GRANTED**.

IV. **CONCLUSION**

For the reasons stated, Doe's Unopposed Motion for a Preliminary Injunction [Doc. 10] is **GRANTED**. Effective on the date of this Order, Defendant is **ENJOINED** from applying the Act against Doe or enforcing the provisions of the Act against Doe, including the continued publication of Doe's information on the sex-offender registry. Moreover, Defendant shall remove Doe's information from the sex-offender registry.

Additionally, the parties' Joint Motion to Administratively Stay Case [Doc. 11] is well-taken and **GRANTED**. This matter is **STAYED** pending the Sixth Circuit's decision in *Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023). It is **FURTHER ORDERED** that the parties file a **joint status report every 90 days** from the date of this Order and that the parties file a **notice of adjudication within seven days** of the Sixth Circuit's decision in the above-referenced case. Lastly, the parties shall file a status report within **21 days** of the Sixth Circuit's decision in the above-referenced case that addresses the impact of that decision on this matter.

**SO ORDERED**:

s/ Clifton L. Corker
United States District Judge